1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

JUAN JOSE LOPEZ-MADRIZ,

      Petitioner,

    v.

UNITED STATES OF AMERICA,

      Respondent.

Case No. C05-5305FDB

ORDER DENYING 2255 PETITION

15

16

17

18

In this Section 2255 motion, Petitioner makes four ineffective assistance of counsel claims: (1) counsel stated that Petitioner would receive a 120-month sentence and he received 135 months; (2) counsel failed to challenge the search of Petitioner's apartment; (3) counsel never mentioned the effect of the guns on Petitioner's sentence; and (4) counsel never filed an appeal as requested.

19

20

21

22

The limitation period for Section 2255 claims is one year. (Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA)) Petitioner was sentenced on January 28, 2000, his appeal period expired ten days later, and his conviction became final on February 7, 2000. Petitioner's Section 2255 motion is, therefore, untimely.

23

24

25

Moreover, Petitioner's claims on the merits are frivolous, as the plea agreement reflects Petitioner's acknowledgment that no one had promised what sentence the Court would impose, and

26

ORDER - 1

1    such erroneous estimate is not grounds for reversal in any event; the search was challenged, a hearing

2    was held, and the motion to suppress was denied and affirmed on appeal; the firearm enhancement

3    was set forth in Petitioner's sentencing memorandum and in the Plea Agreement, Petitioner admitted

4    that three firearms were in the apartment, although he denied possession of them; the failure to

5    appeal is untimely.  Additionally, regarding a defendant's assertion of his lack of consent in his

6    counsel's failure to file a notice of appeal, the Supreme Court has held:

> We instead hold that counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.  In making this determination, courts must take into account all the information counsel knew or should have known.  See [*Strickland v. Washington*, 466 U.S.] at 690, 104 S.Ct. 2052 (focusing on the totality of the circumstances0.  Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings.

13    *Roe v. Flores-Ortega*, 528 U.S. 470, 471 (2000).  Under all the circumstances in this case, there is

14    no reason to think that a rational defendant would want to appeal – particularly in view of the fact

15    that the Ninth Circuit affirmed the Court's denial of the motion to suppress,  in view of the entry of a

16    plea agreement, and in view of the fact that several years passed before Petitioner questioned the lack

17    of an appeal.

18         ACCORDINGLY, IT IS ORDERED: Petitioner's Motion pursuant to 28 U.S.C. Section

19    2255 is DENIED and this cause of action is DISMISSED.

21         DATED this 16th day of September, 2005.

_____
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

26    ORDER - 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 3